# VENABLE

VENABLE LLP | 1270 AVENUE OF THE AMERICAS
24TH FLOOR | NEW YORK, NY 10020
T +1 212.307.5500  F +1 212.307.5598  Venable.com

September 14, 2021

**T 212.808.5676**
**F 212.307.5598**
MJVolpe@Venable.com

**VIA ECF**
Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   ***Lodati, et al. v. Friends Academy, et al.*, Case No. 21-cv-3875**

Dear Judge Vitaliano,

This firm represents the Defendants in the above-referenced matter (the "Action").  We write pursuant to Section III.A. of Your Honor's Individual Rules to respectfully request a pre-motion conference concerning Defendants' proposed motion to dismiss the complaint in its entirety.

## I.   Background

Plaintiff Stephanie Lodati ("Lodati") filed this Action on behalf of herself and her infant children, John Doe ("John") and Jane Doe ("Jane") (collectively, "Plaintiffs"), former Friends Academy ("Friends") students.  John withdrew early in the 2021 academic year after he interrupted a Zoom class by changing his username to "George Floyd" and screaming "I can't breathe; I can't breathe."  The incident was captured on video and circulated widely, including on an Internet broadcast of *Inside Edition*.  John's incendiary conduct had a material adverse impact on the Friends community, and thus he was asked to withdraw from Friends.  Lodati threatened litigation against Friends unless it readmitted John.  Friends declined to succumb to her threats.  In April 2021, Lodati filed a frivolous action in state court on behalf of herself and John against Friends, Friends' Board of Trustees and its individual members, and several Friends employees. *Lodati, et al. v. The Board of Trustees of Friends Academy, et al.*, Case No. 604105/2021 (Sup. Ct. Nassau Cnty.).  Defendants wrote to Plaintiffs and their counsel describing the utter lack of factual and legal merit to the complaint and encouraged them to voluntarily dismiss the complaint before incurring the costs of a motion to dismiss.  Plaintiffs' original counsel withdrew from the matter and new counsel entered an appearance.  Defendants filed a motion to dismiss and moved for sanctions.  Pursuant to its handbook policies, Friends also advised Lodati that her daughter could complete the 2020-2021 academic year but Friends would not accept her contract for the following year.  On the day after Plaintiffs' opposition to the motions were due, Plaintiffs withdrew their complaint without prejudice.  The motion for sanctions remains pending.

The federal complaint bases subject-matter jurisdiction on the Americans with Disabilities Act ("ADA") and Rehabilitation Act of 1973 ("Rehabilitation Act") and alleges eleven causes of action – many of which were manufactured for *in terrorem* effect, as they were not asserted in the original state complaint.  Indeed, Plaintiffs again recently offered to discontinue the litigation if their children were readmitted to Friends, which Friends again declined.  By letter dated August 9, 2021, Plaintiffs' counsel also informed Defendants it "received new information suggesting that the complaint should be amended to include a tortious assault and battery claim" against Defendant

**VENABLE** LLP

Martocci.  They asked if Defendants would consent to the amendment before responding to the complaint but still allow Plaintiffs to preserve their "free amendment" under Federal Rule of Civil Procedure ("FRCP") 15.  Defendants consented to the amendment now but did not agree Plaintiffs could preserve their "free amendment" for a second amendment later.  Plaintiffs' counsel responded Plaintiffs would therefore wait to amend the complaint until after Defendants respond.

The Court, respectfully, should not countenance Plaintiffs' ongoing procedural gamesmanship.  Defendants request that the Court grant a pre-motion conference to either: (1) set a schedule for Plaintiffs to file a final amended complaint with their new assault/battery claims now, using their "free amendment," and any other claims they intend to assert, **before** Defendants incur the costs of filing yet another motion to dismiss, or, alternatively, (2) if Plaintiffs do not intend to add new claims, deem the current complaint final, grant Defendants permission to move to dismiss, and order a briefing schedule.

## II.  Basis for Motion to Dismiss

The first and second causes of action under the ADA and Rehabilitation Act fail and the court lacks subject-matter jurisdiction over the Action for the following reasons.  *First*, "individuals may not be sued in their individual or personal capacity" under these Acts. *Goonewardena v. North Shore Long Island Jewish Health System*, No. 11 CV 2456(MKB)(LB), 2012 WL 7802351, at *7 (E.D.N.Y. Nov. 5, 2012) (citations omitted).  *Second*, Friends does not receive federal financial assistance in the form of any grant, loan, or contract. *See* 29 U.S.C. § 794; *T.W. v. New York State Bd. of Law Examiners*, 996 F.3d 87 (2d Cir. 2021).  *Third*, the complaint fails to plead: (a) the nature of John's disability beyond him being a "qualified individual with a disability"; (b) the nature of the accommodation to which John was entitled; (c) how Defendants knew of John's disability; and (d) that John was dismissed from Friends *because of* his disability. *See* Compl. ¶¶ 3, 28, 30, 53, 56, 58, 60; *Costabile v. N.Y. City Health and Hospitals Corp.*, 951 F.3d 77, 82 (2d Cir. 2020); *Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 269-70 (S.D.N.Y. 2005).  If Plaintiffs are alleging John should not have been dismissed because he is disabled, such an accommodation would have been unreasonable because the ADA and Rehabilitation Act do "not authorize a preference for disabled people generally." *Schoengood v. Hofgur LLC*, No. 20-CV-2022 (KAM), 2021 WL 1906501, at *5 (E.D.N.Y. May 12, 2021).

The third and tenth causes of action for breach of contract should be dismissed because Plaintiffs fail to plausibly allege that Defendants did not comply with their policies and procedures. *See Rolph v. Hobart and William Smith Colleges*, 271 F. Supp. 3d 386, 405 (W.D.N.Y. 2017). The complaint cherry-picks portions of Friends' handbook to show Defendants failed to comply with their disciplinary policies but ignores handbook language (which the Court properly may consider on a motion to dismiss) that expressly gives Friends flexibility in its decision-making and disclaims its right to alter any of its policies. *See Deen v. New Sch. Univ.*, No. 05 CIV. 7174 KMW, 2007 WL 1032295, at *2 (S.D.N.Y. Mar. 27, 2007).

The fourth cause of action for breach of express warranty should be dismissed because the enrollment contract is a service contract and a breach of express warranty does not apply. *See Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 207 (E.D.N.Y. 2010). Regardless, the complaint fails to specify the statements that would constitute "material misrepresentation[s.]" *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 189 (E.D.N.Y. 2018).

**VENABLE** LLP

The fifth cause of action for negligence as to John should be dismissed because the allegations that Defendants failed to provide John with appropriate accommodations are conclusory and again lacking in requisite specificity. The complaint fails to establish *what* accommodations were requested and *when*, and *how* or *when* Defendants caused John's health diagnosis to manifest. Further, the allegations that Defendants failed to supervise John when he was bullied and intimidated by his classmates are similarly conclusory. The complaint fails to plausibly plead Defendants knew or should have known that these alleged acts of bullying would occur, or Defendants personally observed or were otherwise made aware of these acts. *See Mirand v. City of N.Y.*, 84 N.Y.2d 44, 49 (1994); *AA by BB v. Hammondsport Cet. Sch. Dist.*, No. 19-CV-6551L, 2021 WL 1081179, at *2–3 (W.D.N.Y. Mar. 22, 2021). Likewise, the seventh cause of action for negligence as to Jane should be dismissed because the allegations set forth to demonstrate Friends failed to supervise Defendant Martocci when she allegedly injured Jane are conclusory, as they do not establish foreseeability of Defendant Martocci's purported misconduct.

The sixth and eighth causes of action for NIED should be dismissed because the underlying negligence claims fail. *See Smith v. City of N.Y.*, No. 14-CV-4982, 2015 WL 4008642, at *2 (E.D.N.Y. June 26, 2015).

The ninth cause of action for slander should be dismissed as time barred because the alleged slanderous statements (to the extent even ascertainable) were made over one year before the complaint was filed. *See* NY CPLR 215(3). Further, the complaint fails to plead the particular words complained of and the time, place, manner and recipient of the statements. CPLR 3016(a); *Ello v. Singh*, 531 F. Supp. 2d 552, 580-81 (S.D.N.Y. 2007). Plaintiffs' generalized allegations that "Defendants Mark Schoeffel, Carolyn Skudder-Pocius, Jozeph Herceg, and Ron Baskind made public allegations that John Doe had committed plagiarism, and that Lodati had committed physical abuse" (Compl. ¶¶ 125-126) are insufficient. Moreover, the complaint fails to allege special damages or make out a claim for slander *per se* because: (1) Plaintiffs only allege emotional distress, *see Wojtczak v. Safeco Property & Cas. Ins. Cos.*, 669 F. Supp. 2d 305, 314 (W.D.N.Y. 2009); (2) plagiarism does not fall within one of the four slander *per se* categories, *see id.* (setting forth the four categories); and (3) although physical abuse may fall within one of the four slander *per se* categories, Plaintiffs fail to identify the particular words used to accuse Lodati of physical abuse and who heard the alleged words. *Chenoweth & Faulkner, Inc. v. Metro Mobile CTS, Inc.*, No. 87 Civ. 6294 (MJL), 1988 WL 52777, at *4 (S.D.N.Y. May 18, 1988).

Finally, the eleventh cause of action for deceptive business practices should be dismissed because the complaint fails to plead how the alleged misrepresentations were material or that Defendants' allegedly misleading statements caused John's or Jane's withdrawals/dismissals. *See Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 189-90 (E.D.N.Y. 2018); *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 537 (E.D.N.Y. 2015).

Defendants reserve their right to raise additional arguments for dismissal should the Court grant them permission to file the motion. We thank the Court for its consideration of the above.

Respectfully submitted,

/s/ Michael J. Volpe
Michael J. Volpe