**VENABLE**

VENABLE LLP | 1270 AVENUE OF THE AMERICAS
24TH FLOOR | NEW YORK, NY 10020
T +1 212.307.5500   F +1 212.307.5598  Venable.com

December 21, 2021

T 212.808.5676
F 212.307.5598
MJVolpe@Venable.com

**VIA ECF**

Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    _Lodati, et al. v. Friends Academy, et al._, Case No. 21-cv-3875

Dear Judge Vitaliano,

        This firm represents the Defendants in the above-referenced matter (the "Action").  We write pursuant to Section III.A. of Your Honor's Individual Rules to respectfully request a pre-motion conference concerning Defendants' proposed motion to dismiss the Amended Complaint in its entirety, or, in the alternative, to respectfully request that the Court grant Defendants leave to file the motion in lieu of a conference.

### I.   Factual and Procedural Background

        Plaintiff Stephanie Lodati ("Lodati") filed this Action on behalf of herself and her infant children, John Doe ("John") and Jane Doe ("Jane") (collectively, "Plaintiffs"), who are former students at Friends Academy ("Friends").  As noted in Defendants' previous pre-motion letter to the Court on September 13, 2021, John was asked to withdraw from Friends—and did so early in the 2021 academic year—after he interrupted a Zoom class by changing his username to "George Floyd" and screaming "I can't breathe; I can't breathe."  His incendiary conduct had a materially adverse impact on the Friends community, as it was captured on video and circulated widely, including on an Internet broadcast of _Inside Edition_.

        In response to the withdrawal, Lodati threatened to commence litigation against Friends unless it readmitted John, but Friends was not moved by her threats.  As a result, Plaintiffs filed a frivolous lawsuit in New York state court in April 2021, which prompted correspondence from Defendants regarding the complaint's utter lack of factual and legal merit.  When Plaintiffs did not voluntarily dismiss the suit, Defendants moved to dismiss the complaint and filed a motion for sanctions.  Thereafter, Plaintiffs' current counsel withdrew the complaint without prejudice.  Notwithstanding the withdrawal, the state court has granted full briefing on Defendants' sanctions motion for the frivolous filing, which motion is still pending.[1]

        After the abortive attempt with the baseless state court action, Lodati commenced the instant federal Action, predicating federal jurisdiction on a new claim of disability discrimination under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act").  The original Complaint included eleven causes of action, many of which were fabricated since the filing of the state action in a clear attempt to further strongarm Defendants

---

[1] After Lodati filed the state court complaint, Friends advised her that although Jane could complete the 2020-2021 academic year, Friends would not accept her contract for the following year, pursuant to its handbook policies.

**VENABLE** LLP

into readmitting John and Jane. In fact, following the filing of the original Complaint, Plaintiffs again offered to discontinue the litigation if the children were readmitted to Friends.

Friends again declined that offer. Rather, via a pre-motion letter on September 13, 2021, Defendants sought leave to interpose a motion to dismiss the original Complaint in this action due to its marked deficiencies. Your Honor granted that leave on September 28, 2021. On November 9, 2021, pursuant to Rule III.D. of Your Honor's Individual Rules respecting the bundling of motion papers before filing, Defendants duly served their motion to dismiss on Plaintiffs.

In lieu of opposing that motion, Plaintiffs have now filed the Amended Complaint. This second pleading duplicates many of the deficient claims from the prior pleading, without even an attempt to rehabilitate them, despite ample notice of their failings from Defendants' motion. For that reason, Defendants again seek the Court's leave to file a motion to dismiss, on largely the same bases as articulated in their prior pre-motion letter and their prior briefing.

## II. Basis for Motion to Dismiss the Amended Complaint

Despite the deficiencies noted in Defendants' prior motion papers, Plaintiffs continue to press claims under the ADA and the Rehabilitation Act in the first and second causes of action. Dismissal is warranted because (A) claims advanced against the individual defendants and the Board are redundant of those posited against Friends; and (B) Friends does not receive federal financial assistance in the form of any grant, loan, or contract, as is required for any claim under the Rehabilitation Act. *See, e.g., Disability Rights N.Y. v. N.Y. St.*, No. 17-CV-6965 (RRM) (SJB), 2019 U.S. Dist. LEXIS 102609, at *62-67 (E.D.N.Y. Jun. 14, 2019); *Boyd v. Broome Cmty. Coll.*, No. 3:14-CV-0397 (GTS/DEP), 2015 U.S. Dist. LEXIS 152006, at *16 (N.D.N.Y. Nov. 10, 2015); 29 U.S.C. § 794(a); *Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 264 (E.D.N.Y. 2009).

Plaintiffs now attempt to bolster these disability-based claims against Defendants by naming medical conditions and related symptoms from which John purportedly suffers. However, it is axiomatic that Friends need not excuse John's conduct in connection with the Zoom incident in the name of accommodation, simply because it was purportedly attributable to an alleged disability. *See McElwee v. Cty. of Orange*, 700 F.3d 635, 644-46 (2d Cir. 2012) ("Requiring others to tolerate misconduct . . . is not the kind of accommodation contemplated by the ADA."); *Szuszkiewicz v. JPMorgan Chase Bank*, 257 F. Supp. 3d 319, 327-28 (E.D.N.Y. 2017).

As Defendants had previously noted for Plaintiffs in their briefing on the initial motion, the third and tenth causes of action for breach of contract must also be dismissed. While Plaintiffs again claim in this Action that Friends violated its internal handbook policies, a challenge to such academic determination may only occur in an Article 78 proceeding.[2] *See, e.g., Purcell v. N.Y. Inst. of Tec.-Coll. of Osteopathic Med.*, No. CV 16-3555 (JMA) (AKT), 2017 U.S. Dist. LEXIS 124432, at *29 (E.D.N.Y. Aug. 4, 2017); *Schimkewitsch v. New York Institute of Tech.*, No. CV 19-5199 (GRB) (AYS), 2020 U.S. Dist. LEXIS 98553, at *17 (E.D.N.Y. June 4, 2020). Further, Plaintiffs do not plausibly allege that Defendants failed to comply with their policies and procedures, as the broader language in the handbook itself (which the Court may properly consider) in fact *permits* Friends to dismiss students under the circumstances present here. *See*,

---

[2] Plaintiffs are also time-barred from commencing such a proceeding at this juncture. *See Best Payphones, Inc. v. Dep't of Info. Tech & Telecomms.*, 5 N.Y.3d 30, 32 (2005) (quoting N.Y. C.P.L.R. 217(1)).

*e.g.*, *In re Hawker Beechcraft, Inc.*, 486 B.R. 264, 278 (S.D.N.Y. 2013); *Gary v. New York Univ.*, 850 N.Y.S.2d 433, 434 (App. Div. 2008).

The fourth cause of action for breach of express warranty must also fail, because the enrollment contract upon which Plaintiffs base their claim is a service contract, for which a breach of express warranty does not apply. *See B.C.F. Oil Ref. v. Consolidated Edison Co.*, 982 F. Supp. 302, 308 (S.D.N.Y. 1997); *E.M. v. N.Y. City Dep't of Educ.*, 758 F.3d 442, fn. 21 (2d Cir. 2014) (noting that the school "performed its obligations under the enrollment contract by providing the promised educational services"). Moreover, the Amended Complaint again fails to sufficiently identify the express warranties upon which Plaintiffs relied and which Defendants purportedly breached. *See Prue v. Fiber Composites, LLC*, No. 11-CV-3304 (ERK) (LB), 2012 U.S. Dist. LEXIS 54027, at *28-30 (E.D.N.Y. Apr. 17, 2012).

The fifth and seventh cause of action for negligence as to John and Jane respectively, and the related sixth and eighth causes of action for negligent infliction of emotional distress ("NIED"), should also be dismissed. As noted above, no negligence is evident in the alleged failure to accommodate John's purported disability with respect to the Zoom incident, as the accommodations allegedly sought were unreasonable. With respect to a claim of negligence related to the purported bullying by other students, Plaintiffs' amended pleading again fails to posit any facts to suggest that Defendants knew or should have known that John would be subject to such alleged conduct. *See AA v. Hammondsport Cet. Sch. Dist.*, 527 F. Supp. 3d 501, 506-07 (W.D.N.Y. 2021) (quoting *Mirand v. City of N.Y.*, 84 N.Y.2d 44, 49 (1994)). The claim of negligence respecting Jane should also be dismissed, because Plaintiffs similarly fail to plead any facts to suggest that Defendant Martocci's purported misconduct was foreseeable, such that Friends was in any way negligent in supervising her. *See Doe v. Montefiore Med. Ctr.*, 598 F. App'x 42, 43 (2d Cir. 2015). As the underlying negligence claims must be dismissed, so too must the claims for NIED. *See Smith v. City of N.Y.*, No. 14-CV-4982, 2015 U.S. Dist. LEXIS 85224, at *7 (E.D.N.Y. June 26, 2015).

The newly-asserted ninth cause of action for assault and battery must also fail as against Friends, because Plaintiffs do not plead that the purportedly offensive conduct by Defendant Martocci was within the scope of her duties, or that it was condoned or authorized by Friends. *See*, *e.g.*, *Yeboah v. Snapple, Inc.*, 286 A.D.2d 204, 204-05 (App. Div. 2001).

Finally, the eleventh cause of action for deceptive business practices should also be dismissed. Despite previous notice from Defendants regarding these deficiencies, the Amended Complaint still fails to specify any misrepresentations that Defendants purportedly made, how such misrepresentations were misleading, or that any misrepresentations caused John's or Jane's alleged injuries. *See*, *e.g.*, *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 287 (E.D.N.Y. 2009); *Abraham v. Am. Home Mortg. Serv.*, 947 F. Supp. 2d 222, 234-35 (E.D.N.Y. 2013).

Defendants reserve their right to raise additional arguments for dismissal should the Court grant them permission to file the motion. We thank the Court for its consideration of the above.

Respectfully submitted,
/s/ Michael J. Volpe