# The Law Office of Keith Altman
Keith Altman, Esq.
33228 West 12 Mile Road, Suite. 375
Farmington Hills, Michigan 48334
(248) 987-4628
keithaltman@kaltmanlaw.com

December 30, 2021

**VIA ECF**
Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    ***Lodati, et al. v. Friends Academy, et al.***, **Case No. 21-cv-3875**

Dear Judge Vitaliano,

This firm represents the Plaintiffs in the above-referenced matter (the "Action"). We write pursuant to Section III.A. of Your Honor's Individual Rules and in response to Defense Counsel's December 21, 2021, letter, we request a pre-motion conference concerning Defendants' proposed motion to dismiss the Amended Complaint in this matter.

## I. Background

Plaintiff Stephanie Lodati ("Lodati") filed the present Action on behalf of herself and her infant children, John Doe ("John") and Jane Doe ("Jane") (collectively, "Plaintiffs") after the Defendants actions subjected Plaintiffs to harassment and caused John and Jane to be wrongfully dismissed from Friends Academy ("Friends"). During their time at Friends, John and Jane suffered bullying from Friends students that went unaddressed by Friends staff. Following the September 2021 incident, the Defendants initiated and facilitated a campaign of harassment against Mrs. Lodati and her children. Contrary to defense counsel's unsupported assertion, John and Jane were not "asked to withdraw from Friends" but were summarily dismissed from the school.

After filing the instant complaint, Plaintiff received new information suggesting that the complaint should be amended to include a tortious assault and battery claim. Plaintiff informed Defendants of Plaintiff's intention to amend their complaint to include these additional claims. Plaintiff inquired as to whether the

Defendants would consent to the amendment before responding to the complaint but still allow Plaintiffs to preserve their "free amendment" under Federal Rule of Civil Procedure ("FRCP") 15. Defendants declined Plaintiff's invitation.

Plaintiff was not required to inform Defendants of Plaintiff's intention to amend their complaint. Nevertheless, Plaintiff undertook this action as a professional courtesy and as a potential means to streamline the litigation procedure for mutual benefit. However, Defendants have mischaracterized Plaintiff's actions as "procedural gamesmanship" and now seek to impose time constraints on Plaintiff's ability to amend their complaint under FRCP 15. To that end, Defendants requested that the Court grant a pre-motion conference to either: (1) set a schedule for Plaintiffs to file a final amended complaint with their new assault/battery claims now, using their "free amendment," and any other claims they intend to assert, or, alternatively, (2) if Plaintiffs do not intend to add new claims, deem the current complaint final, grant Defendants permission to move for dismissal, and order a briefing schedule. Defendant's request has no legal basis and for that reason, Plaintiff respectfully asks this Court to deny Defendant's request.

## *II. Basis for Motion to Dismiss*

Concerning Plaintiff's ADA and Rehabilitation Act claims: *First,* Plaintiffs' claims are directed at Friends itself and the individual Defendants only in their Official Capacities. *Second,* whether or not Friends receives Federal Funding is a question of fact that is still open. *Third*, Plaintiff has adequately stated the nature of John Doe's disability, Defendant's knowledge of John's disability, the nature of the accommodation that was promised by Friends based on John Doe's disability, and the harm that Defendants inflicted on John Doe based on John Doe's disability. Coml. ¶¶ 23-25, 29, 33, 53, 57, 64-67.

Plaintiff has adequately alleged breach of contract claims, (Counts Three and Ten) by asserting that Friends Academy and the Individual Defendants failed to provide John and Jane Doe with any of the procedural requirements contained in their own handbook concerning student discipline. With respect to John Doe's dismissal, the Defendants failed to facilitate communication with John Doe regarding his alleged misconduct and failed to take the required step of contacting John Doe's parents regarding the events of September 2020. *Id*. ¶¶ 72-74. Concerning Jane Doe's dismissal, Defendants failed to undertake the rehabilitative approach to discipline outlined in the Friends handbook. *Id*. ¶¶ 137-138. Instead, Defendants summarily dismissed Jane Doe despite failing to articulate any alleged misbehavior as the basis for her dismissal as required in their student handbook. *Id*. ¶¶ 139-140.

Plaintiff has adequately alleged breach of express warranty claims. Defendant fails to cite any authority to support its blanket assertion that breach of express warranty claims do not apply to service contracts under any circumstances.

Furthermore, the Plaintiffs' complaint adequately alleges material misrepresentations about Defendants' purported ability to provide a learning environment that was adequate for John Doe's disability. *Id.* ¶¶ 22-25, 77-79.

Plaintiff has adequately alleged Negligence. With respect to John Doe, Plaintiff's complaint alleges that Defendants were aware of John's disability and allowed John to be placed in situations that exacerbated his disability, thereby causing him harm. *Id.* ¶¶ 30, 33 86. Furthermore, Plaintiff's complaint alleges that Defendants were aware that John Doe was being regularly bullied by other students and failed to intervene. *Id.* ¶¶ 25-28, 87. The complaint alleges that this pattern of bullying had been ongoing since John Doe's arrival at Friends academy. It is therefore not plausible to suggest that Friends staff and teachers were unaware of the bullying. *Id.* ¶¶ 25. Plaintiff's complaint also sufficiently pleads negligence concerning Jane Doe because Defendant Martocci's misconduct took place during regular classroom hours, where remaining Defendants would have had ample opportunity to supervise and therefore prevent Martocci's misconduct. *Id.* ¶¶ 101-105.

Plaintiff has adequately pled NIED as the underlying negligence claims are sound.

Concerning Plaintiff's slander claims, Defendant has no basis for claiming they are time-barred because the exact dates of the statements have not been fully established at this early stage of litigation. The content of the slanderous statements is made clear in the complaint. *Id.* ¶¶ 31, 125. Furthermore, Plaintiff's complaint makes it clear that Friends staff members were exposed to the slanderous statements made against John Doe and Mrs. Lodati. *Id.*

With respect to Plaintiff's deceptive business practice claims, Plaintiff's complaint adequately alleges that the Defendants misrepresented the ability of Friends to provide an inclusive learning environment that is conducive to John Doe's disability. *Id.* ¶¶ 22-25, 144-145. Plaintiff's complaint further alleges that Mrs. Lodati relied on Defendants' misrepresentations when deciding to enroll her children at Friends academy. *Id.* ¶¶ 24. Finally, Plaintiff's complaint adequately alleges that John Doe and Jane Doe were dismissed in a manner that is completely at odds with the initial representations made by Friends academy. *Id.* ¶¶ 146-147.

We thank the Court for its consideration of the above.

Respectfully Submitted,

Keith Altman