UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

STEPHANIE LODATI, ET AL.,

                                Plaintiffs,

                            v.

FRIENDS ACADEMY, ET AL.,

                              Defendants.

------------------------------------------------------------------x

Civil Action No.
21-cv-3875 (ENV) (AYS)

**ORAL ARGUMENT REQUESTED**

Service Date: April 1, 2022

**REPLY MEMORANDUM OF LAW IN FUTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

New York, New York
April 1, 2022

VENABLE LLP
Michael J. Volpe, Esq.
Doreen S. Martin, Esq.
Emily M. Tortora, Esq.
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Tel.: (212) 307-5500
Fax: (212) 307-5598
mjvolpe@venable.com
dsmartin@venable.com
emtortora@venable.com

*Attorneys for Defendants Friends Academy, The
Board of Trustees of Friends Academy, Andrea
Kelly, Mark Schoeffel, Carolyn Skudder-Pocius,
Jozeph Herceg, Ron Baskind, and Pamela Martocci*

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ..................................................................................1

III.  ARGUMENT ..........................................................................................................1

A.  Plaintiff Concedes the Board and the Individual Defendants Are Not the Proper Subject of Her Claims, and the Claims Against Them Must Therefore be Dismissed with Prejudice..................................................................1

B.  Plaintiff Cannot Excuse Her Failure to Proffer Any Facts to Plausibly Suggest that Friends Receives Federal Financial Assistance, as is Required for a Claim Under Section 504 ...............................................................................3

C.  Lenient Discipline is Not a Reasonable Accommodation Under the Acts, and Plaintiff Can Proffer Nothing to Suggest Otherwise, Requiring Dismissal of Her Disability-Based Claim in Connection with the Zoom Incident ................................................................................................................3

D.  Any Failure to Accommodate Claim Premised on Defendant Herceg's Conduct Must Fail, As the Requested Accommodation Undergirding Such Claim is Inherently Unreasonable ..........................................................................4

E.  Plaintiff Fails to Demonstrate that Any Injunctive Relief is Available to Remedy the Isolated, Inadvertent Conduct by Defendant Herceg, Requiring Dismissal of the Title III Claim Premised on Such Conduct ................6

F.  Plaintiff Cannot Avoid the Fact that Her Breach of Contract Claims Are Time-Barred, As They Should Have Been Brought Pursuant to an Article 78 Proceeding .....................................................................................................8

G.  Plaintiff's Misplaced Assertion on Opposition Regarding a Purported Duty of "Good Faith and Fair Dealing" Cannot Circumvent the Fact that She Fails to Allege Any Breach of Contract by Friends .................................................9

H.  Plaintiff Fails to Defend Her Claim for Breach of Express Warranty— Which Must Necessarily Fail Because the Enrollment Contracts Are Contracts for Services and Not Goods—Warranting Dismissal of that Cause of Action .................................................................................................11

I.  Plaintiff's Opposition Cannot Stave Off Dismissal of Her Negligence Claim Respecting John Doe, as She Cannot Demonstrate that the Alleged Bullying Was Foreseeable or that the Requested Accommodations Imposed any Duty that Friends Breached.................................................11

J.  However She Now Chooses to Characterize it On Opposition, Plaintiff's Claim of Negligence Respecting Jane Doe Must Be Dismissed, As She

i

# TABLE OF CONTENTS
## (cont'd)

Page

      Fails to Allege that Friends Was in Any Way Aware That Defendant Martocci Might Engage in the Conduct at Issue ....................................................13

K.    Plaintiff Cannot Avoid Dismissal of Her Claims for Negligent Infliction of Emotional Distress, as she Fails to Plausibly Plead Negligence ..........................15

L.    Dismissal of Plaintiff's Assault and Battery Claim is Warranted Because Plaintiff Fails to Posit Facts to Plausibly Suggest that Defendant Martocci's Conduct Was Foreseeable or Motivated by Ill Intent ........................15

M.    Plaintiff's Opposition Cannot Rehabilitate Her Deficient Claims Under the General Business Law, Which Must be Dismissed...............................................17

N.    Plaintiff Proffers No Basis for This Court to Afford Her Leave to Amend ..........19

III.    CONCLUSION ...........................................................................................................21

ii

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AA v. Hammondsport Cent. Sch. Dist.*,
    527 F. Supp. 3d 501 (W.D.N.Y. Mar. 22, 2021) .................................................... 12

*Aegis Ins. Servs., Inc. v. 7 World Trade Co.*,
    737 F.3d 166 (2d Cir. 2013) ................................................................................... 13

*Akinde v. N.Y.C. Health & Hosps. Corp.*,
    737 F. App'x 51 (2d Cir. 2018) ............................................................................... 7

*Anatian v. Coutts Bank (Switzerland) Ltd.*,
    193 F.3d 85 (2d Cir. 1999) ..................................................................................... 20

*Arroyo v. PHH Mortg. Corp.*,
    No. 13-CV-2335, 2014 U.S. Dist. LEXIS 68534 (E.D.N.Y. May 19, 2014) .......... 19

*Bowman v. State*,
    10 A.D.3d 315 (App. Div. 2004) ............................................................................ 14

*Brown v. Fire Dep't of N.Y.*,
    No. 19-cv-2400 (LDH), 2020 U.S. Dist. LEXIS 221465 (E.D.N.Y. Nov. 25,
    2020) .......................................................................................................................... 3

*Burkes v. Tranquilli*,
    No. 08-474, 2008 U.S. Dist. LEXIS 51403 (W.D. Pa. July 2, 2008) ...................... 7

*Campo v. Sears Holdings Corp.*,
    371 Fed. App'x 212 (2d Cir. 2010) ........................................................................ 20

*Carabello v. N.Y. City Dep't of Educ.*,
    928 F. Supp. 2d 627 (E.D.N.Y. 2013) ................................................................... 12

*Coddington v. Adelphi University*,
    45 F. Supp. 2d 211 (E.D.N.Y. 1999) ....................................................................... 8

*Cort v. Marshall's Dep't Store*,
    No. 14-CV-7385 (NGG) (RER), 2015 U.S. Dist. LEXIS 172611 (E.D.N.Y.
    Dec. 29, 2015) .................................................................................................... 14, 16

*Doe v. Columbia Univ.*,
    No. 20-cv-06770 (GHW), 2021 U.S. Dist. LEXIS 144059 (S.D.N.Y. Aug. 1,
    2021) .......................................................................................................................... 7

**TABLE OF AUTHORITIES**
**(cont'd)**

**Page(s)**

**Cases**

*Doe v. Montefiore Med. Ctr.*,
   598 F. App'x 42 (2d Cir. 2015) .................................................................. 13

*Doe v. Okla. City Univ.*,
   406 F. App'x 248 (10th Cir. 2010) ............................................................. 13

*E.M. v. N.Y. City Dep't of Educ.*,
   758 F.3d 442 (2d Cir. 2014) ...................................................................... 11

*Echeverria v. Krystie Manor, LP*,
   No. CV 07-1369 (WDW), 2009 U.S. Dist. LEXIS 27353 (E.D.N.Y. Mar. 30,
   2009) ............................................................................................................. 3

*Farina v. Metro. Trans. Auth.*,
   409 F. Supp. 3d 173 (S.D.N.Y. 2019) ....................................................... 17

*Flint v. Atl. Networks, LLC*,
   No. 18-CV-5534 (ERK) (SJB), 2020 U.S. Dist. LEXIS 35837 (E.D.N.Y. Feb.
   28, 2020) ........................................................................................................ 6

*Horowitz v. Stryker Corp.*,
   613 F. Supp. 2d 271 (E.D.N.Y. 2009) ....................................................... 18

*Judith M. v. Sisters of Charity Hosp.*,
   93 N.Y.2d 932 (1999) .......................................................................... 14, 16

*Kesterson v. Kent State Univ.*,
   345 F. Supp. 3d 855 (N.D. Oh. 2018) .......................................................... 7

*Kitchen v. Essex Cnty. Corr. Facility*,
   No. 12-2199 (JLL), 2012 U.S. Dist. LEXIS 77356 (D.N.J. May 31, 2012) ............................ 7

*Krasner v. City of N.Y.*,
   580 F. App'x 1 (2d Cir. 2014) ..................................................................... 4

*Lipton v. New York Univ. Coll. of Dentistry*,
   865 F. Supp. 2d 403 (S.D.N.Y. 2012) ......................................................... 6

*In re Lyman Good Dietary Supplements Litig.*,
   No. 17-CV-8047 (VEC), 2018 U.S. Dist. LEXIS 131668 (S.D.N.Y. Aug. 6,
   2018) ........................................................................................................... 17

*McElwee v. Cty. of Orange*,
   700 F.3d 635 (2d Cir. 2012) ........................................................................ 4

## TABLE OF AUTHORITIES
### (cont'd)

**Page(s)**

**Cases**

*Mitchell v. N.Y. Univ.*,
No. 150622/2013, 2014 N.Y. Misc. LEXIS 105 (Sup. Ct. N.Y. County Jan. 8,
2014).................................................................................................................................. 16

*Norton v. Town of Brookhaven*,
No. CV 13-3520 (JMA) (AYS), 2022 U.S. Dist. LEXIS 15377 (E.D.N.Y. Jan.
27, 2022)........................................................................................................................... 2, 8

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers &
Lybrand, LLP*,
322 F.3d 147 (2d Cir. 2003) ............................................................................................ 20

*Porat v. Lincoln Towers Cmty. Assoc.*,
464 F.3d 274 (2d Cir. 2006) ............................................................................................ 20

*Pulka v. Edelman*,
40 N.Y.2d 781 (1976)....................................................................................................... 13

*Reed v. 1-800-Flowers.com, Inc.*,
327 F. Supp. 3d 539 (E.D.N.Y. 2018) ............................................................................... 5

*Reyes v. Fairfield Properties*,
661 F. Supp. 2d 249 (E.D.N.Y. 2009) ............................................................................... 3

*Rolph v. Hobart & William Smith Colls.*,
271 F. Supp. 3d 386 (W.D.N.Y. 2017).............................................................................. 9

*Romano v. Schachter Portnoy, LLC*,
No. 17-CV-1014 (ARR) (CLP), 2017 U.S. Dist. LEXIS 100312 (E.D.N.Y.
June 28, 2017) .................................................................................................................. 17

*Ross v. Mitsui Fudosan, Inc.*,
2 F. Supp. 2d 522 (S.D.N.Y. 1998) .................................................................................. 14

*Rumbles v. Hill*,
182 F.3d 1064 (9th Cir. 1999) ........................................................................................... 7

*Scaturro v. Northland Grp., Inc.*,
No. 16-cv-1314 (SJF) (GRB), 2017 U.S. Dist. LEXIS 44015 (E.D.N.Y. Jan. 9,
2017).................................................................................................................................... 2

*Sheppard v. Manhattan Club Timeshare Ass'n, Inc.*,
No. 11 Civ. 4362 (PKC), 2012 U.S. Dist. LEXIS 72902 (S.D.N.Y. May 23,
2012).................................................................................................................................. 18

**TABLE OF AUTHORITIES**
**(cont'd)**

**Page(s)**

**Cases**

*Shostack v. Diller*,
  No. 15 Civ. 2255 (GBD) (JLC), 2016 U.S. Dist. LEXIS 30354 (S.D.N.Y.
  Mar. 8, 2016) .................................................................................................... 18

*Simpson v. Uniondale Union Free Sch. Dist.*,
  702 F. Supp. 2d 122 (E.D.N.Y. 2010) ............................................................... 15

*Smith v. City of N.Y.*,
  No. 14-CV-4982, 2015 U.S. Dist. LEXIS 85224 (E.D.N.Y. June 26, 2015) ......... 15

*State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*,
  374 F.3d 158 (2d Cir. 2004) .............................................................................. 11

*Sutter v. Dibello*,
  No. 18-CV-817 (SJF) (AKT), 2021 U.S. Dist. LEXIS 46312 (E.D.N.Y. Mar.
  10, 2021) .......................................................................................................... 16

*Szuszkiewicz v. JPMorgan Chase Bank*,
  257 F. Supp. 3d 319 (E.D.N.Y. 2017) ................................................................. 4

*Timmer v. City Univ. of N.Y.*,
  No. 20-CV-02554 (PKC) (RLM), 2021 U.S. Dist. LEXIS 152989 (E.D.N.Y.
  Aug. 13, 2021) .................................................................................................... 3

*Uddoh v. United Healthcare*,
  254 F. Supp. 3d 424 (E.D.N.Y. 2017) .......................................................... 10, 17

*VanHouten v. Mount St. Mary Coll.*,
  28 N.Y.S.3d 433 (App. Div. 2016) ..................................................................... 10

*Wilkov v. Ameriprise Fin. Servs., Inc.*,
  753 F. App'x 44 (2d Cir. 2018) ................................................................. 2, 11, 17

*Woodruff v. Ohman*,
  29 F. App'x 337 (6th Cir. 2002) ........................................................................... 7

**Statutes**

29 U.S.C.A. § 794(a) ............................................................................................... 3

Defendants Friends Academy ("Friends" or the "School"), The Board of Trustees of Friends Academy (the "Board"), Andrea Kelly, Mark Schoeffel, Carolyn Skudder-Pocius, Jozeph Herceg, Ron Baskind, and Pamela Martocci (collectively, "Defendants"), through their undersigned counsel, respectfully submit this reply memorandum of law in further support of their motion to dismiss, in its entirety and with prejudice, the Amended Complaint filed by Stephanie Lodati ("Plaintiff") on behalf of herself and as parent and natural guardian of infants John Doe and Jane Doe, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## I.   PRELIMINARY STATEMENT

As noted at length in Defendants' moving brief (the "Moving Brief," cited herein as "Mov. Br."), Plaintiff has manufactured the claims contained in the Amended Complaint.  She has done so in a transparent effort to strong-arm Friends into readmitting John and Jane Doe, following John Doe's dismissal due to his racist outburst in a remote course attended by Friends students (the "Zoom Incident").   Predictably, Plaintiff is unable to persuasively defend her threadbare fabrications on opposition.  In many instances, she does not even *attempt* to do so in the face of Defendants' arguments for dismissal.  As set forth below and in the Moving Brief, Plaintiff is unable to proffer the requisite facts to plausibly support her claims in what is now a third deficient iteration, and advances claims that are often simply not viable as a matter of law.  Dismissal of her threadbare pleading is therefore warranted, with prejudice.

## II.   ARGUMENT

### A.  Plaintiff Concedes the Board and the Individual Defendants Are Not the Proper Subject of Her Claims, and the Claims Against Them Must Therefore be Dismissed with Prejudice.

As detailed more fully in the Moving Brief, the claims Plaintiff advances against the individual defendants and the Board under Title III of the Americans with Disabilities Act ("Title III") and Section 504 of the Rehabilitation Act ("Section 504," and together with Title III, "the

Acts") are duplicative of and identical to the claims she ultimately seeks to advance against Friends, the "real party in interest" in this litigation.  Such duplication merits outright dismissal. *See* Mov. Br., 8-9.  In fact, Plaintiff plainly acknowledges this deficiency in the Opposition itself, noting that "Friends Academy is the central party in interest, against which Plaintiff's claims are principally directed," and that the alleged actions of Friends' "employees or agents" are only relevant to the extent they pose liability for Friends as the entity defendant.  *See* Opp. Br., 5-6 (also noting that "the actions of Defendant Herceg . . . are pled [only] for the purpose of evaluating *Defendant Friends' liability* under Title III" (emphasis added)).  As Plaintiff plainly does not seek to advance claims against the individual defendants and the Board —despite naming them, in harassing fashion, for *in terrorem* effect at the inception of this suit—she concedes that the Title III and Section 504 claims against them must be dismissed with prejudice.

Further, Plaintiff does not dispute the assertion in the Moving Brief that all claims posited against the Board specifically are not viable, because (1) she has failed to articulate any action or inaction by the Board or any of its members, as distinct from conduct by Friends; and (2) the Board members are immune from liability under Section 720-a of New York's Not-for-Profit Corporation Law.  Mov. Br., 31-32.  In failing to dispute such arguments on opposition, Plaintiff concedes that the claims levied against the Board must also be dismissed with prejudice on these independent bases.  *See*, *e.g.*, *Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44, 46 n.1 (2d Cir. 2018) (affirming the dismissal of claims "on the ground that they were 'abandoned' by [the plaintiff] when she failed to oppose them in her opposition to [defendant's] motion to dismiss"); *Norton v. Town of Brookhaven*, No. CV 13-3520 (JMA) (AYS), 2022 U.S. Dist. LEXIS 15377, at *11 (E.D.N.Y. Jan. 27, 2022) ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claim[].");  *Scaturro v. Northland Grp., Inc.*, No. 16-cv-1314 (SJF) (GRB), 2017 U.S. Dist. LEXIS 44015, at

*12 (E.D.N.Y. Jan. 9, 2017); *Brown v. Fire Dep't of N.Y.*, No. 19-cv-2400 (LDH), 2020 U.S. Dist. LEXIS 221465, at *21-22 (E.D.N.Y. Nov. 25, 2020).

### B. Plaintiff Cannot Excuse Her Failure to Proffer Any Facts to Plausibly Suggest that Friends Receives Federal Financial Assistance, as is Required for a Claim Under Section 504.

Plaintiff's claim under Section 504 must be dismissed, because she fails to plead any facts to plausibly allege that Friends receives the federal financial assistance required for her to pursue such a claim. *See, e.g., Echeverria v. Krystie Manor, LP*, No. CV 07-1369 (WDW), 2009 U.S. Dist. LEXIS 27353, at *22-23 (E.D.N.Y. Mar. 30, 2009) (granting dismissal of Section 504 claim because defendants did not receive federal funding); *Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 264 (E.D.N.Y. 2009) (same); 29 U.S.C.A. § 794(a). Instead, Plaintiff alleges only that "[u]pon information and belief, Friends is a private school receiving federal funds," (Am. Compl. ¶ 66; *see also id.*, at ¶ 78), without specifying any factual basis for that purported "belief." Such threadbare pleading is insufficient.[1] *See, e.g., Timmer v. City Univ. of N.Y.*, No. 20-CV-02554 (PKC) (RLM), 2021 U.S. Dist. LEXIS 152989, at *10, *15 (E.D.N.Y. Aug. 13, 2021) (the Court is "not required to credit conclusory allegations or legal conclusions").

### C. Lenient Discipline is Not a Reasonable Accommodation Under the Acts, and Plaintiff Can Proffer Nothing to Suggest Otherwise, Requiring Dismissal of Her Disability-Based Claim in Connection with the Zoom Incident.

Despite halfhearted protestations to the contrary, Plaintiff's Opposition cannot escape the fact that the Acts do not require Friends to afford John Doe lenient discipline in the name of reasonable accommodation. While Plaintiff blithely asserts in her briefing that the Acts somehow "obligated Friends Academy . . . to take [John Doe's] disability into account when responding to

---

[1] This is especially the case given the fact that Friends is a tax-exempt, non-profit charitable organization that neither receives federal funding in the form of grants, loans, or contracts, nor receives federal assistance through funds, federal personnel, or real and personal property. *See* Kelly Aff., ¶¶ 2-3. While Plaintiff attacks Defendant Kelly's affidavit as "self-serving," and speculates that discovery may yield evidence to the contrary, (Opp. Br., 6), she proffers no factual basis for such speculative assertion.

[his racist outburst]" and required the School to "work constructively with him in order to learn" from such outburst, (Opp. Br., 7-8), she tellingly cannot proffer any authority whatsoever for such baseless contentions. Nor does Plaintiff proffer any legal support for her threadbare assertion that the Acts somehow require Friends to treat John Doe more gently because he is a minor, or because he did not engage in repeated inappropriate conduct. Opp. Br., 8. Rather, the case law on this issue is clear. It is axiomatic that Friends need not forgo disciplining John Doe as it would any other student, or require others be more tolerant of his outburst, simply because the Zoom Incident prompting the discipline was purportedly a manifestation of his disability. *See McElwee v. Cty. of Orange*, 700 F.3d 635, 641, 644-46 (2d Cir. 2012) (the ADA does not "authorize a preference for [a disabled person] generally," merely requiring that he but put "on an even playing field" with the non-disabled); *Krasner v. City of N.Y.*, 580 F. App'x 1, 3 (2d Cir. 2014) ("[t]he fact that [the] aberrant behavior [subjecting an individual to dismissal] may be a result of [his disability] is immaterial" to the discipline he receives); *Szuszkiewicz v. JPMorgan Chase Bank*, 257 F. Supp. 3d 319, 327-28 (E.D.N.Y. 2017) ("the ADA does not immunize [the disabled plaintiff] from discipline or discharge for incidents of misconduct" even where the "misconduct was a manifestation of his disability").

> **D. Any Failure to Accommodate Claim Premised on Defendant Herceg's Conduct Must Fail, As the Requested Accommodation Undergirding Such Claim is Inherently Unreasonable.**

On opposition, Plaintiff attempts to rehabilitate her failure to accommodate claim premised on Defendant Herceg's conduct by contorting the deficient allegations in the Amended Complaint, claiming that Defendants have somehow misconstrued her purported blanket request that Friends' teachers not "highlight or call attention" to John Doe in the classroom setting. Instead, the Opposition now suggests that—in the name of accommodation—educators at Friends should be forced to anticipate the myriad of situations that might cause John Doe to experience subjective

feelings of being "singled out" in a fashion he deems unwanted; they must then avoid interacting with him in a manner that might trigger such feelings.  Opp. Br., 9-10.  Both the requested accommodation Plaintiff actually sets forth in the Amended Complaint and the recast accommodation she advocates for on opposition are simply not reasonable, warranting dismissal.

As a threshold matter, the allegations in the Amended Complaint could not be more plain. They indicate that John Doe's teachers were purportedly "made aware" of the medical conditions with which he was "diagnose[d]," and were allegedly "asked specifically not to highlight or call attention" to him in blanket fashion, "so as not to trigger" those conditions.  Am. Compl., ¶ 27. There are no allegations whatsoever that Plaintiff or anyone else informed the teachers of what exactly might "trigger" John Doe's purported medical conditions; the Amended Complaint indicates only that they were asked "not to highlight or call attention" to John Doe given his alleged diagnoses.  *Id.*  As noted more fully in the Moving Brief—and as acknowledged by Plaintiff herself in the Opposition—this wholesale request to forgo "highlight[ing] or call[ing] attention to" John Doe in the classroom setting is contrary to Friends' mission and function as an educational institution, and therefore inherently unreasonable.  Mov. Br., 12; Opp. Br., 10.  *See also*, *e.g.*, *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539, 544 (E.D.N.Y. 2018) ("[A] public accommodation need not provide modifications [under Title III] . . . if those modifications are unreasonable or would fundamentally alter the nature of the good, service, or accommodation").

Recognizing this failing, Plaintiff now attempts to rehabilitate her accommodation claim, asserting that her allegations instead reflect a more narrow request that Friends' teachers only refrain from "call[ing] on" John Doe "*in a manner*" that would cause his purported diagnoses to manifest.  Opp. Br., 10 (emphasis added).[2]  In describing John Doe's purported diagnoses in her

---

[2] In doing so, she disingenuously softens the language from her pleading, claiming on opposition that Friends was only required to forgo drawing attention to John Doe "when possible."  Opp. Br., 9.  That limitation is nowhere reflected in the Amended Complaint itself.

Amended Complaint, Plaintiff contends that he "feel[s] self-conscious when he is 'singled out'" for what he perceives as "unwanted attention," including being "called on in class."  Am. Compl., ¶ 25.  Plaintiff's recast request that Friends' teachers avoid interacting with John Doe "in a manner" that might trigger his purported medical conditions in fact amounts to a request that those teachers correctly anticipate, in a variety of situations, what sort of interactions might engender John Doe's subjective feelings of self-consciousness and what behaviors he might perceive as "unwanted attention" at any given moment.  As noted above, Plaintiff makes no allegations whatsoever to suggest that John Doe's teachers *were ever informed* about what might in fact "trigger" those feelings and perceptions, beyond the blanket act of "highlight[ing] or call[ing] attention to" John Doe in the classroom.  *Id.*, at ¶ 27.  As this Court can readily appreciate, the Acts do not demand clairvoyance on the part of the School's employees.  A request that those employees exhibit such constant clairvoyance respecting a student's subjective feelings and perceptions is inherently unreasonable.  *See*, *e.g.*, *Lipton v. New York Univ. Coll. of Dentistry*, 865 F. Supp. 2d 403, 409 (S.D.N.Y. 2012) (dismissal of a disability-based claim in the educational context is warranted where "the accommodations that [the] plaintiff requests are unreasonable as a matter of law").

E.  **Plaintiff Fails to Demonstrate that Any Injunctive Relief is Available to Remedy the Isolated, Inadvertent Conduct by Defendant Herceg, Requiring Dismissal of the Title III Claim Premised on Such Conduct.**

Plaintiff's Title III claim premised on Defendant Herceg's one-time, inadvertent disclosure of an email he was composing about John Doe must fail, as this isolated incident cannot be redressed by any injunctive relief.  As noted more fully in the Moving Brief, there is no way for the Court to turn back time and erase that inadvertent disclosure—which purportedly caused John Doe emotional distress, and allegedly constituted a violation of his accommodation that he not be "singled out"—via an injunction.  The claim must therefore be dismissed as moot.  Mov. Br., 12-13.  *See also Flint v. Atl. Networks, LLC*, No. 18-CV-5534 (ERK) (SJB), 2020 U.S. Dist. LEXIS

35837, at *3 (E.D.N.Y. Feb. 28, 2020); *Akinde v. N.Y.C. Health & Hosps. Corp.*, 737 F. App'x 51, 52 (2d Cir. 2018) (a claim is moot if "it impossible for the court to grant any effectual relief").

Tellingly, Plaintiff largely fails to address this ground for dismissal in her Opposition. Instead, she asserts in passing fashion, in a brief footnote without legal support, that this Court may award relief for Defendant Herceg's purported disclosure in the form of an apology or an expungement of John Doe's disciplinary record. Opp. Br., 6, n. 1. However, an apology is not an available form of injunctive relief. *See*, *e.g.*, *Rumbles v. Hill*, 182 F.3d 1064, 1066-67 (9th Cir. 1999) (the district court correctly "held that it had no power to . . . compel a party to apologize"); *Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) ("[T]he district court exceeded its equitable power when it ordered [the defendant] to apologize."); *Kesterson v. Kent State Univ.*, 345 F. Supp. 3d 855, 886 (N.D. Oh. 2018) ("An apology for past wrongdoing is not prospective injunctive relief."); *Burkes v. Tranquilli*, No. 08-474, 2008 U.S. Dist. LEXIS 51403, at *13 (W.D. Pa. July 2, 2008); *Kitchen v. Essex Cnty. Corr. Facility*, No. 12-2199 (JLL), 2012 U.S. Dist. LEXIS 77356, at *10 (D.N.J. May 31, 2012). Further, as respects the apparent request to expunge John Doe's disciplinary record, it is axiomatic that any injunctive relief sought must be tethered to the actionable wrong purportedly committed, so as to function as a remedy for that purported wrong. *See*, *e.g.*, *Doe v. Columbia Univ.*, No. 20-cv-06770 (GHW), 2021 U.S. Dist. LEXIS 144059, at *2 (S.D.N.Y. Aug. 1, 2021) (because the plaintiff was disciplined for unrelated misconduct involving email hacking, "his claims for injunctive relief [seeking expungement of his disciplinary record] are not fairly traceable to the [distinct] gender-based misconduct proceedings he challenges here, and [so] he does not have standing to seek that injunctive relief"). Here, Plaintiff's apparent request for an expungement of John Doe's disciplinary record bears no relation to Defendant

Herceg's alleged conduct;[3] John Doe is not alleged to have received any discipline as a result of Defendant Herceg's inadvertent and accidental disclosure of an email about his wellbeing.[4] Given that the injunctive relief Plaintiff purportedly seeks is simply not viable as a matter of law—and no injunctive relief in fact exists to "un-ring the bell" and prospectively remedy Defendant Herceg's alleged, isolated, and accidental "singling out" of John Doe—the Title III claim premised on Defendant Herceg's conduct must be dismissed with prejudice.[5]

**F. Plaintiff Cannot Avoid the Fact that Her Breach of Contract Claims Are Time-Barred, As They Should Have Been Brought Pursuant to an Article 78 Proceeding.**

As noted more fully in the Moving Brief, because Plaintiff's breach of contract claims request the review of Friends' academic and administrative determinations, and ultimately seek injunctive relief in connection with a purported breach, these claims should have been brought in an Article 78 proceeding. Plaintiff is now time barred from initiating such a proceeding, requiring dismissal of the breach of contract claims. Mov. Br., 13-15.

Citing a non-binding decision from outside this Court's jurisdiction, Plaintiff attempts to argue on opposition that her claims are not barred by the statute of limitations for Article 78

---

[3] In fact, no discipline was even issued to John Doe in connection with the Zoom Incident for which he withdrew.

[4] Rather, Plaintiff plainly intends to use the disability-based claim premised upon Defendant Herceg's inadvertent disclosure as a weapon against Defendants to achieve her true end in this litigation, which is an elimination of any consequences resulting from John Doe's racist misconduct during the Zoom Incident.

[5] As noted in Section II.A., *supra*, Plaintiff has now conceded on opposition that she only intends to advance a Title III discrimination claim against Friends—and not against Defendant Herceg himself—based on Defendant Herceg's purported conduct. *See also*, Opp. Br., 6. As such, the claim she has posited in the Amended Complaint against Defendant Herceg specifically must be dismissed. *See* Section II.A., *supra*; *see also* Am. Compl., First Cause of Action (in which Plaintiff plainly advances a baseless Title III claim against Defendant Herceg individually, despite clarifying on opposition that she intends to advance a claim against Friends alone).

Dismissal of such clam is further warranted because Defendant Herceg himself does not "operate" a public accommodation, a fact that Plaintiff does not event attempt to address on opposition. *See* Mov. Br., 13, n. 7. *See also*, *e.g.*, *Coddington v. Adelphi University*, 45 F. Supp. 2d 211, 217-18 (E.D.N.Y. 1999) (dismissing the Title III claim levied against an associate professor and other individual defendants in their individual and official capacities); *Norton*, 2022 U.S. Dist. LEXIS 15377, at *11 ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed concession of the argument.").

proceedings, as she seeks a combination of injunctive relief and monetary damages in connection with Friends' purported breach of contract. Opp. Br., 11-12 (citing *Rolph v. Hobart & William Smith Colleges*, emanating from the Western District of New York). Such purported authority does not save her claim as plead. As a threshold matter, the Court need not follow—and should not follow here—an isolated decision rendered in another district. Further, the decision in *Rolph* is distinguishable. Therein, the Western District determined that the plaintiff was not required to bring his breach of contract claim in an Article 78 proceeding because the plain language of his pleading "does not specify the claims through which the injunctive relief is sought;" such relief could plausibly be tied to a cause of action other than the one sounding in breach of contract. As a plausible reading of the pleading suggested that he was only "seeking monetary damages" for the breach, an Article 78 proceeding did not provide the exclusive vehicle to raise that breach. *Rolph v. Hobart & William Smith Colls.*, 271 F. Supp. 3d 386, 405 (W.D.N.Y. 2017). Here, Plaintiff has specified in the Amended Complaint that she seeks injunctive relief "prohibiting Defendant Friends from enforcing *either* of [the] per se dismissals" of John or Jane Doe. Am. Compl., Prayer For Relief (1). Plaintiff's claim respecting Jane Doe's dismissal sounds *purely in breach of contract*, (*id.*, at ¶¶ 154, 157, 165), making clear that she in fact seeks injunctive relief in connection with her breach of contract claim. As noted above, such claims respecting John and Jane Doe's dismissals must therefore have been brought in an Article 78 proceeding.

### G. Plaintiff's Misplaced Assertion on Opposition Regarding a Purported Duty of "Good Faith and Fair Dealing" Cannot Circumvent the Fact that She Fails to Allege Any Breach of Contract by Friends.

Plaintiff's breach of contract claims must be dismissed, because she fails to acknowledge the plain language in Friends' Student Handbook that authorizes the conduct she claims to constitute a breach. She ignores those provisions that explicitly permit Friends to expel students for offensive language adversely affecting the community and hate speech of any kind, and that

9

accordingly allow the outright expulsion of John Doe for his racist outburst during the Zoom Incident.  *See* Mov. Br., 15-18; Ex. C to Volpe Decl., at 42 (Appx. C); *id.* at 1-3 (Sec. V, Fundamental Standards for Citizenship) (noting that "[i]n all cases, the school reserves the right to judge the seriousness or impropriety of any behavior and determine the appropriate disciplinary response"), 36-38 (Sec. J, Discipline System, Major Offenses); *VanHouten v. Mount St. Mary Coll.*, 28 N.Y.S.3d 433, 435 (App. Div. 2016) ("Private schools are afforded broad discretion in . . . decisions involving the discipline, suspension, and expulsion of students").  Plaintiff similarly disregards those provisions of Friends' Handbook and enrollment contract that plainly permit Friends to discontinue a student's enrollment where her parent's actions "make a positive and constructive friendship impossible." Ex. C to Volpe Decl., at 11 (Sec. XV).  Such is the case here, given Plaintiff's filing of a baseless action in state court alleging a host of inflammatory and unsupported allegations that she ultimately withdrew.  *See* Mov. Br., 17-18.  As Plaintiff cannot advance a breach of contract claim by ignoring Handbook provisions that clearly afford Friends the right to deal with John and Jane Doe as it has here, the breach of contract claim must fail.

Recognizing that she can no longer hide from such provisions, Plaintiff now contends on opposition that Friends somehow breached its duty of good faith and fair dealing by causing John Doe to withdraw for his racist outburst, and electing not to renew Jane Doe's enrollment.  Opp. Br., 12-15.  Such contention misses the mark.  As a preliminary matter, Plaintiff does not advance this theory in the Amended Complaint, claiming only that Friends "violated their obligations under their own Handbook policies," to which set policies Plaintiff purports to cite.  Am. Compl., ¶¶ 98, 99, 161-162, 165.  As she only raises Friends' purported breach of good faith and fair dealing in the Opposition, the Court may not consider it.  *See*, *e.g.*, *Uddoh v. United Healthcare*, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) (a plaintiff "is not permitted to interpose . . . a new legal theory in opposing a motion to dismiss").  Further, it is axiomatic that "the duties imposed by an implied

10

covenant of good faith and fair dealing are not without limits, and no obligation can be implied that would be inconsistent with other terms of the contractual relationship." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 170 (2d Cir. 2004).  Where a party has an unfettered right to act as it sees fit, no duty can be read in to limit that unfettered right.  *Id.*  As noted at length above, Friends' Handbook and enrollment contract permit the dismissals at issue, such that no breach of any duty of good faith or fair dealing may attach.

### H. Plaintiff Fails to Defend Her Claim for Breach of Express Warranty—Which Must Necessarily Fail Because the Enrollment Contracts Are Contracts for Services and Not Goods—Warranting Dismissal of that Cause of Action.

As noted at length in the Moving Brief, Plaintiff's claim for breach of express warranty must fail, as the contract between Plaintiff and Friends is an educational service contract, and express warranty claims only apply to contracts for goods.  *See* Mov. Br., 18-19.  *See also E.M. v. N.Y. City Dep't of Educ.*, 758 F.3d 442, 458 n. 21 (2d Cir. 2014) (defendant "performed its obligations under the enrollment contract by providing the promised educational services").  As Plaintiff has not contested the dismissal of this claim on opposition, she has conceded that dismissal is warranted.[6]  *See, e.g., Wilkov*, 753 F. App'x at 46 n. 1.

### I. Plaintiff's Opposition Cannot Stave Off Dismissal of Her Negligence Claim Respecting John Doe, as She Cannot Demonstrate that the Alleged Bullying Was Foreseeable or that the Requested Accommodations Imposed any Duty that Friends Breached.

Plaintiff's brief defense of her negligence claim respecting John Doe, premised upon the bullying he suffered from other students and a purported failure to accommodate his disability, is simply unavailing.  As an initial matter, her repeated conclusory assertion that "the bullying suffered by John Doe was foreseeable" because Friends "should have" been aware of it does not

---

[6] As set forth more fully in the Moving Brief, the claim for breach of express warranty is further subject to dismissal because Plaintiff has failed to identify any express warranties upon which she relied and which Defendants breached. *See* Mov. Br., 19-20.

demonstrate foreseeability.  Am. Compl., ¶¶ 33, 112; Opp. Br., 17.  As noted at length in the Moving Brief, Plaintiff fails to allege any facts to suggest that Friends either was aware or should have been aware of any purported student comments about John Doe's appearance, any unspecified "physical attacks" against him, or any thefts he allegedly suffered.  She does not allege that any Friends employee witnessed such alleged conduct or received any report about it, or that anyone at Friends was aware that any of the unnamed students who purportedly targeted Plaintiff had a propensity for such conduct.  Mov. Br., 20-22.  While the Opposition emphasizes the effects that such conduct purportedly had on *John Doe personally*—namely that it impacted his "mental well-being" and "merit[ed] alterations of his medication" (Opp. Br., 17)—Plaintiff fails to proffer any facts to suggest that *anyone at Friends was aware of this personal impact*, much less aware of the conduct that prompted it, as is necessary to demonstrate foreseeability of injury and causation of damages.  Such failings amply warrant dismissal of the negligence claim premised on the purported bullying.  *See*, *e.g.*, *AA v. Hammondsport Cent. Sch. Dist.*, 527 F. Supp. 3d 501, 507, 508 (W.D.N.Y. Mar. 22, 2021) (citing *Carabello v. N.Y. City Dep't of Educ.*, 928 F. Supp. 2d 627, 627, 646-47 (E.D.N.Y. 2013)).

With respect to the negligence claim premised on Friends' purported failure to accommodate John Doe's disability, the Opposition seeks to defend that claim solely by asserting that the accommodations were reasonable, such that the School was negligent in failing to adhere to them.  Opp. Br., 17.  This is simply not the case.  As discussed in Section II.C., *supra*, and in the Moving Brief, the Acts do not require Friends to impose lenient discipline for John Doe's racist outburst during the Zoom Incident, even if this outburst was caused by his purported disability.  Nor did Friends have a duty to adhere to the request that its teachers entirely refrain from "highlight[ing] or call[ing] attention to" John Doe in the classroom setting, or the purported request that they predict what sort of classroom interaction might engender John Doe's subjective feelings

12

of being "singled out."  Neither request was reasonable, and so no duty to accommodate attached. As such, any purported "violation" of these requests cannot support a negligence claim.  Mov. Br., 22-23.  *See also*, *e.g.*, *Doe v. Okla. City Univ.*, 406 F. App'x 248, 253 (10th Cir. 2010) (affirming the lower court's determination that because the plaintiff "failed to show discrimination in violation of the ADA[,] . . . her negligence claim [premised on the underlying ADA violation] must also fail"); *Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 177 (2d Cir. 2013) (noting that "a finding of negligence must be based on the breach of a duty"); *Pulka v. Edelman*, 40 N.Y.2d 781, 782 (1976).

> **J.  However She Now Chooses to Characterize it On Opposition, Plaintiff's Claim of Negligence Respecting Jane Doe Must Be Dismissed, As She Fails to Allege that Friends Was in Any Way Aware That Defendant Martocci Might Engage in the Conduct at Issue.**

Plaintiff's Opposition also cannot save her negligence claim respecting Jane Doe.  As a threshold matter, Plaintiff first asserts that Defendants have somehow "misconstrued" such claim, styling it as a negligent supervision claim when instead it is based on the principle of *respondeat superior*.  Opp. Br., 18.  Nevertheless, Plaintiff herself alleges in her pleading that "Defendant Friends and Defendant Kelly owed *a duty to [] supervise* Defendant Martocci," and that "Friends and Kelly *failed to properly supervise* Martocci." Am.  Compl., ¶¶ 137, 138 (emphasis added). Plaintiff's apparent confusion about the contents of her own pleading notwithstanding, the negligence claim must fail under either theory.

As originally noted in the Moving Brief respecting negligent supervision, the negligence claim must fail because Plaintiff does not and cannot allege that Friends was aware of any propensity on the part of Defendant Martocci to commit the conduct at issue, or that any other Friends employee had a propensity to improperly supervise teachers like Defendant Martocci. Mov. Br., 24-25.  *See also Doe v. Montefiore Med. Ctr.*, 598 F. App'x 42, 43 (2d Cir. 2015).

Absent such allegations, her negligent supervision claim must fail.  *See*, *e.g.*, *Cort v. Marshall's Dep't Store*, No. 14-CV-7385 (NGG) (RER), 2015 U.S. Dist. LEXIS 172611, at *13-14 (E.D.N.Y. Dec. 29, 2015); *Ross v. Mitsui Fudosan, Inc.*, 2 F. Supp. 2d 522, 532-33 (S.D.N.Y. 1998) ("Conclusory allegations of negligent supervision are insufficient.").

Further, as set forth in the Moving Brief respecting allegations of assault and battery premised on Defendant Martocci's conduct, Plaintiff has failed to advance any facts to suggest that it was foreseeable to Friends that Defendant Martocci would tie Jane Doe's legs together in an attempt to remedy issues with her stride or balance, as is necessary for liability to attach on a theory of *respondeat superior*.  Mov. Br., 26.  *See also*, *e.g.*, *Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932, 933 (1999) (for an employer to be liable for an employee's tortious act under a theory of *respondeat superior*, the conduct at issue must be "generally foreseeable").  In an unavailing effort to circumvent this fundamental pleading defect, Plaintiff now nonsensically and baselessly asserts that "it can be reasonably inferred" that Friends somehow failed to properly train Defendant Martocci to forgo tying students' legs together, and that this failure to train somehow made her purported conduct foreseeable to Friends.  Opp. Br., 18.   Plaintiff's argument amounts to an unsupported contention that Friends is under an obligation to affirmatively train its employees to refrain from an unending variety of spontaneous conduct in which they might engage, without limitation, or face liability.  Tellingly, she offers no legal basis for such an illogical assertion; the case to which she cites in support does not reference training at all, and rather substantiates Defendants' contention that an employer is only liable on a theory of *respondeat superior* when the conduct of its employee is foreseeable.  *Id.*, at 18-19; *Bowman v. State*, 10 A.D.3d 315, 317 (App. Div. 2004) (holding that the employer was not liable for the conduct of the employee, as "there was no showing that the [employer] was aware of any prior conduct by the [employee] that would put it on notice as to the foreseeability of such an incident.").  As Plaintiff

14

does not—because she cannot—proffer any facts to plausibly suggest that Defendant Martocci's conduct was foreseeable to Friends, or that Friends had any awareness of Defendant Martocci's propensity to commit such misconduct, the negligence claim must be dismissed.

### K. Plaintiff Cannot Avoid Dismissal of Her Claims for Negligent Infliction of Emotional Distress, as she Fails to Plausibly Plead Negligence.

Plaintiff's claims for negligent infliction of emotional distress ("NIED") must fail, as her underlying negligence claims cannot withstand dismissal.  As noted above, Plaintiff fails to satisfactory plead negligence—whether in the context of a purported failure to accommodate John Doe's alleged disabilities, or an alleged failure to address the bullying he suffered, or the purportedly negligent supervision of Defendant Martocci as relates to Jane Doe—crippling the NIED claims she advances on the basis of such alleged acts.[7]  *See* Am. Compl., ¶¶ 118-120, 144 (in which she premises claims of NIED on a failure to accommodate John Doe or address the purported bullying he experienced, and upon the alleged "assault and battery" against Jane Doe); Sections II.I. and II.J., *supra*; Mov. Br., 25-26.  *See also Simpson v. Uniondale Union Free Sch. Dist.*, 702 F. Supp. 2d 122, 135 (E.D.N.Y. 2010) (the emotional harm "must generally be premised upon a breach of a duty owed directly to the plaintiff"); *Smith v. City of N.Y.*, No. 14-CV-4982, 2015 U.S. Dist. LEXIS 85224, at *6, 7 (E.D.N.Y. June 26, 2015).

### L. Dismissal of Plaintiff's Assault and Battery Claim is Warranted Because Plaintiff Fails to Posit Facts to Plausibly Suggest that Defendant Martocci's Conduct Was Foreseeable or Motivated by Ill Intent.

As detailed in Section II.J., *supra*, and in the Moving Brief, any claim that Plaintiff advances against Friends based upon Defendant Martocci's purported conduct must be dismissed,

---

[7] Further, to the extent that the underlying negligence claims respecting this conduct survive dismissal, all of the NIED claims should be dismissed as duplicative.  Mov. Br., 26, n. 8.  While Plaintiff speciously claims that the NIED claim respecting John Doe's withdrawal is not in fact duplicative of the negligence claim, (Opp. Br., 19), that simply is not the case.  The negligence claim plainly hinges on Friends' purported failure to accommodate John Doe, (Am. Compl., ¶ 112(b)), which includes a purported failure to "take his disabilities into account" in connection with his withdrawal due to his racist outburst (*id.*, at ¶¶ 73(d), 120).

because she fails to posit any facts to suggest that such conduct was foreseeable to the School. Mov. Br., 26. *See also*, *e.g.*, *Judith M..*, 93 N.Y.2d at 933; *Cort*, 2017 U.S. Dist. LEXIS 208424, at *14. Plaintiff cannot now circumvent this failure via a baseless assertion that foreseeability somehow attaches because Friends purportedly failed to train Defendant Martocci to refrain from every potential spontaneous act she might undertake. *See* Section II.J., *supra*; Opp. Br., 18-19. As Plaintiff does not—because she cannot—demonstrate on opposition that Friends somehow knew or should have known that Defendant Martocci would purportedly tie Jane Doe's legs together due to concerns about her stride and balance, (Am. Compl., ¶¶ 128-130), Plaintiff's claim for assault and battery against Friends must fail.

As for the assault and battery clams against Defendant Martocci herself, while Plaintiff baselessly claims in the Opposition that Defendants somehow "do not contest" that a battery occurred, (Opp. Br., 20), this is simply not the case. As Defendants readily noted in the Moving Brief, Plaintiff's claim for battery must fail because Plaintiff fails to advance any facts to suggest that Defendant Martocci intended to cause injury to or engage in offensive conduct directed toward Jane Doe, as is required to state a claim. Rather, Plaintiff herself affirmatively pleads that Defendant Martocci's conduct was animated by concern about Jane Doe's health and wellbeing. *See* Am. Compl. ¶¶ 128-130; Mov. Br., 26-27 (citing, among other cases, *Mitchell v. N.Y. Univ.*, No. 150622/2013, 2014 N.Y. Misc. LEXIS 105, at *16-17 (Sup. Ct. N.Y. County Jan. 8, 2014) (holding that "the claim for battery is insufficient for a failure to plead an intent . . . to harm plaintiff by bodily contact")). For the same reason, the Amended Complaint lacks any allegations to suggest that Defendant Martocci intended to cause Jane Doe to fear any offensive contact. *See*, *e.g.*, *Sutter v. Dibello*, No. 18-CV-817 (SJF) (AKT), 2021 U.S. Dist. LEXIS 46312, at *93 (E.D.N.Y. Mar. 10, 2021) ("[T]o state a claim for civil assault, the plaintiff must allege that the defendant intended either to inflict personal injury or to arouse apprehension of harmful or

offensive bodily contact."); *In re Lyman Good Dietary Supplements Litig.*, No. 17-CV-8047 (VEC), 2018 U.S. Dist. LEXIS 131668, at *11 (S.D.N.Y. Aug. 6, 2018).  As Plaintiff has not pleaded that Defendant Martocci acted with the requisite intent to harm, the claim for assault and battery must be dismissed.[8]

### M. Plaintiff's Opposition Cannot Rehabilitate Her Deficient Claims Under the General Business Law, Which Must be Dismissed.

Plaintiff's claims under the General Business Law ("GBL") are fatally deficient, and nothing in her Opposition can save them from dismissal.  As noted in the Moving Brief, Plaintiff simply cannot advance claims premised on the School's Student Handbook, which is not "consumer-oriented," but is instead geared towards families whose students have already enrolled. Mov. Br., 29; *see also Farina v. Metro. Trans. Auth.*, 409 F. Supp. 3d 173, 213-14 (S.D.N.Y. 2019) (dismissing GBL claims where there is no allegation that the deceptive conduct is consumer oriented).  No doubt recognizing this deficiency, Plaintiff now asserts on opposition—with no basis whatsoever—that "it is common practice for schools [sic] give include [sic] their handbooks in materials provided to prospective enrollees for promotional purposes."  Opp. Br., 22.  This allegation is entirely absent from the Amended Complaint.  Nor does the Amended Complaint allege that *Friends specifically* provides its Handbook to prospective enrollees.  Setting aside this assertion's abject baselessness—and inapplicability to Friends in any event—Plaintiff cannot now save her claim by raising allegations for the first time in a brief in opposition to a motion to dismiss. *See, e.g.*, *Uddoh*, 254 F. Supp. 3d at 429; *Romano v. Schachter Portnoy, LLC*, No. 17-CV-1014 (ARR) (CLP), 2017 U.S. Dist. LEXIS 100312, at *7-8 (E.D.N.Y. June 28, 2017).

---

[8] Plaintiff also does not contest Defendants' assertion that any assault or battery claim against Friends premised on the purported conduct of Defendant Kelly must be dismissed, due to a dearth of any facts to suggest that Defendant Kelly engaged in any action or inaction with respect to Defendant Martocci's conduct.  Mov. Br., 27-28.  By not opposing, Plaintiff concedes that such claim must be dismissed. *See, e.g.*, *Wilkov*, 753 F. App'x at 46 n. 1.

Further, any GBL claim must fail because Plaintiff cannot specify any advertising materials upon which she relied, much less any specific statements reflected in such advertising materials or in Friends' Handbook.   Mov. Br., 29; *Sheppard v. Manhattan Club Timeshare Ass'n, Inc.*, No. 11 Civ. 4362 (PKC), 2012 U.S. Dist. LEXIS 72902, at *19 (S.D.N.Y. May 23, 2012) (generalized allegations of deception are insufficient); *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 288 (E.D.N.Y. 2009) (dismissing GBL § 349 claim because plaintiff failed to "specif[y] what false representations defendants made").   Even on opposition, despite desperate and unavailing attempts to contort the authority Defendants cite, Plaintiff is simply unable to identify any specific language in any promotional materials in which Friends purportedly "portrayed itself as a leaning [sic] institution that was accommodating of students with learning differences."   Opp. Br., 23; Am. Compl., ¶¶ 23, 24, 169 (containing only conclusory allegations to this effect, untethered to any citation to Friends' Handbook or "advertising materials").   Her failure to point to any specific language containing the purportedly misleading representations, much less specific promotional materials upon which she relied, is fatal to Plaintiff's GBL claims.   *See, e.g.*, *Sheppard*, 2012 U.S. Dist. LEXIS 72902, at *19 (where allegations of "deceptive acts or practices are conclusory," and "generalized assertions of deception and misrepresentation are legal conclusions," such allegations "do not suffice to state a claim").

In addition, Plaintiff does not—because she cannot—plausibly allege facts to demonstrate that the Handbook or unspecified "advertising materials" were misleading, such that the dismissals were somehow was at odds with the alleged promises made.   As noted in Section II.G., *supra*, and set forth more fully in the Moving Brief, John and Jane Doe's dismissals were in fact *entirely consistent* with Friends Handbook, which permitted Friends to expel John Doe for his offensive outburst and to terminate Jane Doe's enrollment.   *See* Mov. Br, 15-18; *see also Shostack v. Diller*, No. 15 Civ. 2255 (GBD) (JLC), 2016 U.S. Dist. LEXIS 30354, at *12-13 (S.D.N.Y. Mar. 8, 2016)

(dismissing GBL § 349 claim where the "[d]efendants' actions were not fraudulent" based on facts alleged).   Plaintiff's wholly conclusory assertion on opposition that Friends' unspecified representations "were [somehow] later shown to be inaccurate," (Opp. Br., 23), simply fails to stave off dismissal.

Finally, Plaintiff fails to plausibly allege that any injury resulted from any purported misleading representations, for the reasons articulated in the Moving Brief.  Mov. Br., 30.  In claiming on opposition that Friends' conduct during John Doe's enrollment ran afoul of unspecified representations that Friends was "accommodating of students with learning differences," (Opp. Br., 23), she seeks to import into her GBL claim a duty imposed by the Acts to accommodate students with disabilities.  As noted at length above, because Friends did not fail to accommodate John Doe during his enrollment—given the inherent unreasonableness of the accommodations requested—no injury could possibly have resulted from any purported representations respecting disability-based accommodation.  *See* Sections II.C. and II.D., *supra*. *See also*, *e.g.*, *Arroyo v. PHH Mortg. Corp.*, No. 13-CV-2335, 2014 U.S. Dist. LEXIS 68534, at *32-33 (E.D.N.Y. May 19, 2014) (dismissing the GBL claim for failure to plead causation).

### N.  Plaintiff Proffers No Basis for This Court to Afford Her Leave to Amend.

As Defendants noted previously in the Moving Brief, this Court should deny Plaintiff leave to amend her deficient pleading a second time.  It would be futile for her to replead her Section 504 claim, and she has been unable to plead sufficient facts to support the balance her claims in what is now the third iteration of a pleading containing similar allegations and causes of action.[9] *See* Mov. Br., 32-33.   The arguments that Plaintiff proffers on opposition to justify further

---

[9] As noted in the Moving Brief, Plaintiff had originally interposed similarly threadbare claims in a state court action, which she withdrew following Defendants' filing of a motion to dismiss.  Notwithstanding that prior briefing, and another motion to dismiss filed in this forum, Plaintiff repeats many of the same deficiencies in the current iteration of her pleading.  Mov. Br., 1-3.

amendment are unavailing.  In emphasizing that there would be no prejudice to Defendants if she were granted leave to interpose a fourth pleading raising similarly deficient claims, (Opp. Br., 24-25), she fails to acknowledge that prejudice is but one basis—and not the exclusive basis—for denying leave to amend.  In fact, courts routinely deny leave to amend where, as here, a plaintiff has failed to remedy the deficiencies in her pleading via amendments previously allowed, and has interposed claims that must be dismissed as a matter of law.  *See* Mov. Br., 32-33.  In speciously arguing that repleading should be allowed because "there are many open issues of fact," (Opp. Br., 25), Plaintiff fundamentally misconstrues her burden at this stage of the litigation.  It is her obligation to advance facts to plausibly support her claims, and leave to replead should be denied when she fails at successive opportunities to do so.  *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (affirming lower court's denial of leave to amend where plaintiff already had an opportunity to replead).

In addition, the Court may properly deny leave to amend where there is no "showing as to how [a] plaintiff[] might amend the[] complaint to cure the[] pleading deficiencies, especially in light of the insufficiency of facts to support a claim."  *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999); *see also Porat v. Lincoln Towers Cmty. Assoc.*, 464 F.3d 274, 276 (2d Cir. 2006) (affirming the district court's denial of leave to replead, "given that plaintiff's counsel did not advise the district court how the complaint's defects would be cured"); *Campo v. Sears Holdings Corp.*, 371 Fed. App'x 212, 218 (2d Cir. 2010). As Plaintiff has failed to demonstrate in the Opposition how she might possibly cure the core deficiencies of the Amended Complaint—notwithstanding the prior opportunities she had to do so—denial of leave to amend is further warranted.

### III.     <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety, with prejudice, and provide such other relief as the Court deems proper.

Dated:  New York, New York
       April 1, 2022

VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Tel.: (212) 307-5500
Fax: (212) 307-5598
By: _/s/ Michael J. Volpe_
Michael J. Volpe, Esq.
Doreen S. Martin, Esq.
Emily M. Tortora, Esq.